THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE NIEVES GUEVARA, Defendant and Appellant.

No. 9729. Argued December 17, 1942.—Decided December 23, 1942.

*Francisco González Fagundo* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The appellant, convicted of a violation of carrying prohibited weapons and sentenced to one month in jail, alleges in support of his appeal that the trial court erred in dismissing the motion for nonsuit filed by him and in finding him guilty of the offense charged against him.

The facts established by the evidence and accepted by both parties may be summed up thus:

At the time that the revolver was seized defendant was a mechanical engineer of the Central Roig. He lived at the

Central, but he was not a watchman nor superintendent nor was he in any manner in charge of looking after the properties of his employer. The weapon was seized while he carried the same on his person and at the time when, standing in front of the gate of the Central on a piece of land between the gate and the border of the public highway, he fired two shots and wounded Fernando Loza.

The decision of this court in *People* v. *Díaz,* 37 P.R.R. 426, relied on by the appellant, is inapposite to the case at bar. In the cited case the defendant had been named watchman of the property by the owner thereof and was entitled to carry a weapon according to the exception provided by law. The reversal of the judgment was not based on the defense that Díaz was a watchman of the property. This court went further and held that since the property belonged to the employer of Díaz anyone of the agents or employees of said employer was entitled to carry a weapon within the employer's property, which should be considered as his own property.

Recently, in the case of *People* v. *Alvarado,* 60 P.R.R. 44, wherein the facts are almost identical to those in the case at bar, this court, considering that it had gone too far in its decision in *People* v. *Díaz, supra,* and deciding that "it would be very risky indeed to extend so far the holding invoked," disregarded said decision, although it did not expressly, reverse the same, and held that since Alvarado was not a watchman of the property nor was he authorized by the owner of the property to carry weapons to protect the same, the carrying thereof by the defendant outside the shop of which he had charge and within land pertaining to the settlement, constituted a violation of the law which prohibits the carrying of weapons.

Confirming our ruling in *People* v. *Alvarado, supra,* we hold that the lower court did not err either in denying the

motion for acquittal of the defendant or in finding the defendant guilty of the offense charged.

The case of *People* v. *Díaz, supra,* should be and the same is hereby reversed, in so far as it holds that the agents or employees working on a property are entitled to carry weapons within the boundaries of said property even though they are not employed as watchmen or guardians of the property. This court never had the intention of construing the law so as to make the farms or centrals arsenals or armed camps where each person who is employed therein may carry on his person one of the weapons forbidden by law.

As to the statute prohibiting the carrying of weapons, the farm or factory of the employer may not, nor should it be, considered as the farm or factory of the agent, employee, or workman who works at the same. The employee who has his domicile within his employer's farm is entitled to carry within his domicile the weapon which he might need to protect the same, but he is not authorized to carry said weapon on his person on the rest of his employer's farm.

For the reasons stated, the judgment appealed from must be affirmed.